IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WARREN FAMBRO,<br><br>Petitioner,<br><br>v.<br><br>CEDRIC TAYLOR,<br><br>Respondent. | HABEAS CORPUS<br>28 U.S.C. § 2254<br><br><br>CIVIL ACTION FILE NO.<br>1:17-CV-1455-WSD-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner is a state prisoner who, *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 4]. Petitioner challenges his judgment of conviction entered in Fulton County, Georgia. [*Id.*] Respondent has filed a motion to dismiss on the ground that Petitioner has failed to exhaust his available state court remedies. [Doc. 11]. Petitioner has filed a motion for summary judgment and a motion for hearing. [Docs. 15, 19]. For the reasons that follow, the undersigned **RECOMMENDS** that the motion to dismiss [11] be **GRANTED** and that the motion for summary judgment [16] be **DENIED** as moot. Petitioner's motion for hearing [19] is also **DENIED** as moot.

## I. BACKGROUND

In 2011, a jury convicted Petitioner of rape and child molestation. [Doc. 12-1 at 2.] He was sentenced to life in prison for rape and twenty years in prison for child molestation. [*Id.*] He filed a motion for new trial, which was denied in October 2014. [*Id.* at 3.] He filed a notice of appeal on November 16, 2014, which was docketed with the Court of Appeals on August 27, 2015. [*Id.*] Petitioner raised the following grounds on appeal: (1) his character was impermissibly impugned by his trial counsel when he mistakenly stated Petitioner had previously pled guilty to the rape of two women; (2) the trial court erred by failing to *sua sponte* declare a mistrial or give a curative instruction immediately after the erroneous statement was made; (3) the curative instruction given by the trial court was insufficient; and (4) the trial court erred by denying his motion for new trial based on his trial counsel's ineffective assistance for making this statement. [Doc. 12-3.]

On June 17, 2015, before the Georgia Court of Appeals had resolved his direct appeal, Petitioner filed a *pro se* habeas corpus petition in the Superior Court of Fulton County. [Doc. 20 at 2.] On June 24, 2015, Petitioner's state habeas petition was dismissed without prejudice as premature because his conviction was not yet final. [*Id.*] On June 22, 2016, the Georgia Court of Appeals affirmed

Petitioner's conviction and sentence. *Fambro v. State*, No. A16A0040 (Ga. App. June 22, 2016), [Doc. 12-3 at 12]. It does not appear that Petitioner filed another habeas corpus petition in state court.

Petitioner filed the present petition on April 11, 2017, and an amended petition on May 15, 2017. [Docs. 1, 4.] Petitioner asserts the following grounds: (1) a medical examination that would show no rape occurred was concealed at trial; (2) Officer James McNatt committed fraud in his investigation of Petitioner's case; (3) the evidence of similar transactions presented by the prosecution was too remote and inflammatory; and (4) he had three new trials. [Doc. 4 at 6.] Respondent filed an answer and a motion to dismiss on June 15, 2017. [Docs. 10, 11.] Petitioner filed a response to the motion to dismiss on July 17, 2017, and a motion for summary judgment on September 25, 2017. [Doc. 13.] Respondent filed a brief in response to the motion for summary judgment on October 11, 2017. [Doc. 16.] Petitioner filed a supplemental brief on October 27, 2017, and a motion to compel a hearing date on November 30, 2017. [Docs. 17, 19.] Respondent filed a supplemental brief in support of his motion to dismiss on December 8, 2017. [Doc. 20.]

## II. DISCUSSION

A federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). A district court may not grant an application for writ of habeas corpus unless – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure and "complete" the process by giving the state courts a "full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

Because Petitioner's state habeas proceedings were dismissed as premature, it cannot be said that Petitioner has exhausted his available state remedies. The premature filing of a state habeas petition does not fairly present an issue to the state habeas courts because they may not entertain a state habeas proceeding until Petitioner's direct review is complete and his conviction is final. *See Horton v. Wilkes*, 250 Ga. 902, 903 (1983) (A "person imprisoned by virtue of a sentence of

a state court of record cannot institute a petition for habeas corpus until the conviction is final," and it is not final while direct appeal is incomplete). Petitioner has not otherwise fairly presented the claims in his federal petition to the state courts for adjudication. The motion to dismiss should be **GRANTED**.

In light of the recommendation that this case be dismissed for failure to exhaust, Petitioner's motion for summary judgment and his request for a hearing should be **DENIED** as moot.

### III. CERTIFICATE OF APPEALABILITY

A habeas petitioner may not appeal the denial of relief under § 2254 "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation marks omitted). When the district court denies a claim in a habeas petition on procedural grounds without reaching the underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotation marks omitted). The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the motion to dismiss [11] be **GRANTED**, the motion for summary judgment [15] be **DENIED** as moot, a certificate of appealability be **DENIED**, and the petition be **DISMISSED** without prejudice for lack of exhaustion. Petitioner's motion for a hearing [19] is **DENIED** as moot.

**SO ORDERED** and **RECOMMENDED** this 12th day of December, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE