**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WARREN FAMBRO, <br><br> Petitioner, <br><br> v. <br><br> CEDRIC TAYLOR, <br><br> Respondent. | 1:17-cv-1455-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkin III's Final Report and Recommendation [21] ("R&R") and Petitioner's Motion for Compulsory Examination [24]. The R&R recommends the Court grant Respondent Cedric Taylor's Motion to Dismiss [11] and deny Petitioner's Motion for Summary Judgment [15] and motion for a hearing [19] as moot.

**I.     BACKGROUND**[1]

In 2011, a jury convicted Petitioner of rape and child molestation. ([12-1] at 2). He was sentenced to life in prison for rape and twenty years in prison for

---

[1]   The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

child molestation. (Id.) He filed a motion for new trial, which was denied in October 2014. (Id. at 3). He filed a notice of appeal on November 16, 2014, which was docketed with the Court of Appeals on August 27, 2015. (Id.)

Petitioner raised the following grounds on appeal: (1) his character was impermissibly impugned by his trial counsel when he mistakenly stated Petitioner had previously pled guilty to the rape of two women; (2) the trial court erred by failing to *sua sponte* declare a mistrial or give a curative instruction immediately after the erroneous statement was made; (3) the curative instruction given by the trial court was insufficient; and (4) the trial court erred by denying his motion for new trial based on his trial counsel's ineffective assistance for making this statement. ([12-3]).

On June 17, 2015, before the Georgia Court of Appeals had resolved his direct appeal, Petitioner filed a *pro se* habeas corpus petition in the Superior Court of Fulton County. ([20 at 2]). On June 24, 2015, Petitioner's state habeas petition was dismissed without prejudice as premature because his conviction was not yet final. (Id.) On June 22, 2016, the Georgia Court of Appeals affirmed Petitioner's conviction and sentence. *Fambro v. State*, No. A16A0040 (Ga. App. June 22, 2016), ([12-3] at 12). It does not appear that Petitioner filed another habeas corpus petition in state court.

Petitioner filed the present petition on April 11, 2017, and an amended petition on May 15, 2017. ([1], [4]). Petitioner asserts the following grounds: (1) a medical examination that would show no rape occurred was concealed at trial; (2) Officer James McNatt committed fraud in his investigation of Petitioner's case; (3) the evidence of similar transactions presented by the prosecution was too remote and inflammatory; and (4) he had three new trials. ([4] at 6).

Respondent filed an answer and a motion to dismiss on June 15, 2017. ([10], [11]). Petitioner filed a response to the motion to dismiss ([13]) on July 17, 2017, and a motion for summary judgment ([15]) on September 25, 2017. Respondent filed a brief in response to the motion for summary judgment on October 11, 2017. ([16]). Petitioner filed a supplemental brief on October 27, 2017, and a motion to compel a hearing date on November 30, 2017. ([17], [19]). Respondent filed a supplemental brief in support of his motion to dismiss on December 8, 2017. ([20]). Petitioner filed a "Motion for Compulsory Examination" on December 11, 2017, pursuant to 28 U.S.C. § 2254, asserting the same grounds cited in his amended petition of May 15, 2017.

On December 12, 2017, the Magistrate Judge issued his R&R. ([21]). The Magistrate Judge found that Plaintiff failed to exhaust his available administrative remedies. He recommends the Court grant Defendants' Motion to Dismiss,

dismiss this action without prejudice for lack of exhaustion, and deny a certificate of appealability. Petitioner did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

A federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). A district court may not grant an application for writ of habeas corpus unless – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of

available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure and "complete" the process by giving the state courts a "full opportunity to resolve any constitutional issues." O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999).

The Magistrate Judge noted that Petitioner's state habeas proceedings were dismissed as premature and found that Petitioner has not exhausted his available state remedies. The premature filing of a state habeas petition does not fairly present an issue to the state habeas courts because they may not entertain a state habeas proceeding until Petitioner's direct review is complete and his conviction is final. See Horton v. Wilkes, 250 Ga. 902, 903 (1983) (A "person imprisoned by virtue of a sentence of a state court of record cannot institute a petition for habeas corpus until the conviction is final," and it is not final while direct appeal is incomplete). The Magistrate Judge concluded that Petitioner has not otherwise fairly presented the claims in his federal petition to the state courts for adjudication and, therefore, the motion to dismiss should be granted. The Court finds no plain

error in these findings and recommendation, and Respondent's Motion to Dismiss is granted. See Slay, 714 F.2d at 1095.

The Magistrate Judge further concluded that in light of the recommendation that this case be dismissed for failure to exhaust, Petitioner's motion for summary judgment and his request for a hearing should be denied as moot. The Court finds no plain error in these findings and recommendation, and Petitioner's Motion for Summary Judgment is denied as moot. See Slay, 714 F.2d at 1095.

The Magistrate Judge did not address Petitioner's Motion for Compulsory Examination [24], which docketed the day before the R&R issued. Petitioner's Motion for Compulsory Examination asserts the same grounds as the amended petition considered by the Magistrate Judge and is denied for the same reasons.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkin III's Final Report and Recommendation [21] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss [11] is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary

Judgment [15] and Petitioner's motion for a hearing [19] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Compulsory Examination [24] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.[2]

**SO ORDERED** this 5th day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Final R&R recommended denying a certificate of appealability "because the resolution of the issues presented is not debatable." ([21] at 6). The Court finds no plain error in the Magistrate Judge's findings and recommendation.